IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 1:17-00195-3

**GREG A. LESTER**

## MEMORANDUM OPINION AND ORDER

Before the court is the government's appeal of the magistrate judge's order releasing Greg Lester on bond until trial subject to additional conditions of release. See ECF No. 170. For reasons stated herein and on the record at the March 14, 2018 hearing, the court **REVERSES** Magistrate Judge Aboulhosn's Order (ECF No. 169), and **ORDERS** that Greg Lester be detained pending trial.

### I. BACKGROUND

Greg Lester, among others, was indicted on November 15, 2017, and named in 10 counts alleging that he engaged in mail fraud, conspiracy to commit arson and launder money, and unlawful monetary transactions. ECF No. 1. At the initial arraignment on November 21, 2017, the magistrate judge released Greg Lester on an unsecured bond subject to the conditions of release imposed by this court. See ECF Nos. 38, 39.

Thereafter, Greg Lester violated his conditions of release on January 1 and 3, 2018, by sending email communications to his father and co-defendant, Windel Lester, who was in prison pending trial.  These emails violated Greg Lester's Order Setting Conditions of Release, Number 7(g), which stated: "The defendant must avoid all contact, directly, or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including codefendants."  ECF No. 39.

While the substance of these emails appears unrelated to the charges in the indictment, Greg Lester initiated this email exchange and acknowledged within the email:

> our bond restrictions say we're not supposed to contact any co defendants at all.  My probation officer even made it abundantly clear I was not to contact a co defendant at all . . . I personally don't see why it would matter as long as we don't talk about the case, but my probation officer is strictly by the book.

See ECF No. 123-1.  A string of emails followed, consisting of three more emails sent by Greg Lester and four emails sent by Windel Lester.  Id.

On January 9, 2018, the Probation Office of this court filed a Petition for Action on Conditions of Pretrial Release indicating this violation.  ECF No. 108.  Following a hearing before Magistrate Judge Aboulhosn on January 16, 2018, defendant's bond was revoked as a result of this conduct and he

2

was detained.  ECF No. 123.  The Order stated, "that the Defendant had no regard whatsoever for the Conditions of Release set forth by this Court."  Id.

On February 21, 2018, the United States obtained a Second Superseding Indictment.  ECF No. 142.  At Greg Lester's arraignment, his counsel orally moved for reconsideration of the magistrate judge's order revoking bond.  See ECF No. 152.  After a hearing on March 7, the magistrate judge granted Greg Lester's motion and ordered his release.  ECF No. 169.  The magistrate judge concluded: "there has been a material change in circumstances, namely, the additional hardship placed on Defendant's family due to his spouse being unable to work as a substitute teacher due to the recent cessation of the teacher work stoppage in West Virginia."  Id. at 3.

The court imposed two additional conditions.  First, Greg Lester may not be employed at Lester Homes or any related entities, all owned by Windel Lester.  Id.  Second, the magistrate judge supplemented Condition of Release, Number 7(g), that Greg Lester previously violated, determining that the defendant would be subject to revocation:

> if his spouse, his children residing in or out of the household, and any and all residents of his  household have any contact of any kind whatsoever, including verbal or written, with any co-defendant or witnesses. In that regard, the Defendant would have to agree, as a condition of his bond, to permit any and all computers, tablets, phones, smart phones, and similar

3

> devices to be examined by the USPO, without advanced
> notice, to determine if any prohibited communication
> has occurred.  The Defendant would also have to agree
> that if his wife, his children or any and all
> residents of his household refuse to allow for their
> computers, tablets, phones, smart phones, and similar
> devices to be examined, then the Court will consider
> that as a violation of this condition of his bond and
> that he would be subject to revocation of his bond and
> detention pending the trial of this matter.

Id.  The magistrate judge also denied the government's motion to stay the Order.  Id. at 4.  The government appealed to this court two days later.  ECF No. 170.  Greg Lester's counsel filed a response in opposition.  ECF No. 171.

On March 14, 2018, the court held a hearing where the parties restated many of the facts included in the magistrate judge's order.  See ECF No. 169.  The government stressed that a now-ceased teacher's strike or any financial hardship should play no part in the court's determination of whether Greg Lester will comply with the conditions of release.  Counsel for defendant argued that while Greg Lester understood his original conditions of release when he violated them, the 55-day period of detention makes Greg Lester fully aware of the gravity of violating a condition of release in the future.  Moreover, defendant's counsel argued that because Windel Lester's telephonic and electronic communications from prison are monitored, any future communications between Greg and Windel Lester can actually be better monitored if Greg Lester is not

detained within the same prison where verbal communication could occur freely.

## II.  APPLICABLE LAW

Title 18 of the United States Code, section 3148, governs the review and appeal of revocation orders.  It provides in pertinent part as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1)  finds that there is--
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2)  finds that--
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

In its review of whether to revoke or amend an order of detention or release, the district court reviews the magistrate judge's Order de novo and "must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001) (cited by United States v. Kamp, No. 1:13-CR-00077-MR-DLH, 2014 WL 1302027, at *2 (W.D.N.C. Mar. 31, 2014)).

## III. ANALYSIS

Pursuant to U.S.C. § 3148(b) and because defendant admits that he violated the conditions of release, the court must

5

determine whether Greg Lester "is unlikely to abide by any condition or combination of conditions of release." Upon reviewing the evidence presented by the parties and the magistrate judge's Order granting Greg Lester's release, including the additional conditions of release imposed, the court disagrees with the factual findings and legal conclusions of Magistrate Judge Aboulhosn. First, the court finds that a teacher's strike and the financial implications for Greg Lester and his family have no bearing on whether he can comply with the conditions of release imposed by the court. Second, this court does not believe imposing additional conditions of release assures Greg Lester's compliance. Here, Greg Lester's email exchange with Windel Lester indicates a full understanding and awareness of his conditions of bond, yet a cavalier disregard of his duty to comply. See ECF No. 123-1; see also United States v. Jeffs, No. 2:16-CR-82 TS, 2016 WL 4444753, at *2 (D. Utah Aug. 23, 2016) (revoking defendant's bond after failing to abide by his conditions of release after meeting with co-defendants, even when allegedly discussing collateral matters). Here, the defendant knew that he could not talk with co-defendants, yet unilaterally determined that his emails with his father were allowable so long as their subject matter did not involve the pending criminal action. ECF No. 123-1. Greg Lester's perspective, that his judgment overwhelms that of the court's

order, is troublesome to the court because it extends not only to communications with Windel Lester and co-defendants, but also to any and all conditions of release this court could establish. Accordingly, the imposition of additional conditions of release fails to assure the court that Greg Lester will not simply disregard these conditions.

## IV.  CONCLUSION AND ORDER

After reviewing de novo the release order pursuant to 18 U.S.C. § 3148 and after considering alternatives to detention, the Court **FINDS** by clear and convincing evidence that the defendant (1) violated a condition of his release and (2) is unlikely to abide by any condition or combination of conditions of release.  Moreover, the court further **FINDS** that no material change of circumstances has occurred since Greg Lester was detained by the magistrate judge on January 16, 2018.

Accordingly, the court **REVERSES** the Order of Magistrate Judge Aboulhosn, (ECF No. 169), and **ORDERS** that defendant be remanded to the custody of the United States Marshal pending trial.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

**IT IS SO ORDERED** this 20th day of March, 2018.

ENTER:

David A. Faber
Senior United States District Judge